UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE R. RAMIREZ,

Petitioner,

vs.  　　　　　　　　　　　　　　　　　　CASE NO. 8:10-cv-988-T-27EAJ
　　　　　　　　　　　　　　　　　　　　CRIM. CASE NO. 8:03-cr-133-T-27EAJ

UNITED STATES OF AMERICA,

Respondent.
_____/

ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255[1] (CV Dkts. 1, 2), the Government's Motion to Dismiss (CV Dkt. 15), and Petitioner's Reply (CV Dkt. 17). Upon consideration, the Government's Motion to Dismiss is GRANTED and Petitioner's motion to vacate is DENIED.

**Procedural Background**

Petitioner was charged by an indictment with knowingly and willfully conspiring to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 21 U.S.C. § 846. (CR Dkt. 1). On May 28, 2003, Petitioner pleaded guilty pursuant to a written

---

[1] Petitioner originally filed a motion for relief of judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure. (CR Dkt. 142; CV Dkt. 1). In that motion Petitioner challenged his sentence based upon the United States Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009). Finding that Petitioner's challenge was properly brought under 28 U.S.C.§ 2255, this court afforded petitioner the opportunity to recharacterize his Rule 60(b) motion as a Section 2255 motion. (CR Dkt. 143). Petitioner availed himself of that opportunity and this court granted Petitioner's request to treat his Rule 60(b) motion as a Section 2255 motion to vacate. (CV Dkts. 2, 3).

plea agreement. (CR Dkts. 44, 47, 149). On August 28, 2003, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to two hundred sixty-four (264) months imprisonment to be followed by five years of supervised release. (CR Dkt. 71). Petitioner did not appeal.

Petitioner signed his Section 2255 motion on January 8, 2010.[2] (CR Dkt. 142; CV Dkt. 1). The Respondent challenges the timeliness of the motion.

Petitioner presents one ground for relief:

**Ground One:** Petitioner is entitled to resentencing without application of the career offender enhancement because his prior state conviction for escape is no longer a crime of violence in light of *Chambers v. United States*, 555 U.S. 122 (2009)

## Discussion

**I.     Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] To the extent that Petitioner's original Rule 60(b) motion was recharacterized as a Section 2255 motion, the court considers the date that Petitioner signed his original Rule 60(b) motion as the date of filing his Section 2255 motion.

 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Petitioner pleaded guilty and judgment was entered on August 29, 2003. (CR Dkt. 71). Petitioner filed no direct appeal. Consequently, under the appellate rules in effect when the judgment was entered, Petitioner's conviction became final on September 12, 2003, when the ten-day period for filing a notice of appeal expired. Fed. R. Crim. P. 45(a)(1), (2); Fed. R. App. P. 4(b)(1)(A)(i) (West 2003). Petitioner had until September 12, 2004, to timely file a Section 2255 motion. Petitioner did not file his Section 2255 motion until January 8, 2010,[3] more than six years after the expiration of Section 2255's one-year limitation. Consequently, the motion is time-barred.

Notwithstanding, Petitioner argues that his motion is timely because he filed it within one year of the decision in *Chambers v. United States*, 555 U.S. 122 (2009). *Chambers* holds that a "failure to report" for penal confinement is not a "violent felony" under the Armed Career Criminal Act. *Chambers*, 555 U.S. at 123. Petitioner contends that, pursuant to *Chambers*, his prior conviction for escape[4] used in determining his status as a career offender would not now qualify as

---

[3] Petitioner signed his original Rule 60(b) motion (later recharacterized as the instant Section 2255 motion) on January 8, 2010. (CV Dkt. 1, p. 11). The court received the motion on January 11, 2010. (CR Dkt. 142). For timeliness purposes, the court considers Petitioner's motion filed on January 8, 2010. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a *pro se* prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

[4] The presentence investigation report describes Petitioner's 1993 escape conviction:

> On July 7, 1993, Ramirez failed to return to the St. Petersburg, Florida, Community Correctional Center after work. Ramirez did not have authorization from corrections center staff to deviate from his approved work schedule. Florida Department of Corrections officials notified the St. Petersburg Police Department and they placed Ramirez on escape status. The Pinellas County Sheriff's Office arrested Ramirez on July 31, 1993.

(PSR, ¶58, p. 14).

a "crime of violence" for application of the career offender enhancement.[5] Relying upon 28 U.S.C.§ 2255(f)(4), Petitioner argues that his Section 2255 motion is timely because he filed his motion within one year of *Chambers*. *See* 28 U.S.C. § 2255(f)(3). Petitioner's argument lacks merit.

First, for Petitioner to avail himself of the date of the *Chambers* decision to establish the timeless of his motion under Section 2255(f)(3), he must demonstrate that *Chambers* applies retroactively to a case on collateral review. *Chambers* includes no statement from the Supreme Court that the decision applies retroactively to a case on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Chambers* to Petitioner's Section 2255 motion and he cites no legal authority to support his contention that *Chambers's* date is the appropriate trigger for the federal limitation in determining the timeliness of this Section 2255 motion. Consequently, the timeliness of Petitioner's motion is calculated from September 12, 2003, the date that his conviction became final. As discussed above, the instant motion, filed on January 8, 2010, is untimely and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

---

[5] *Chambers* examined the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"). However, because the definition of a "crime of violence" for application of the career offender enhancement under U.S.S.G.§ 4B1.2 is virtually identical to the definition of "violent felony" under the ACCA, the same analysis is used to determine whether a prior conviction qualifies as a "violent felony" under the ACCA or a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)-(2). *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010). *See also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2.").

Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

A change in the law is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner cannot avail himself of the benefit of equitable tolling because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

**II.   Appeal waiver**

Even assuming, *arguendo*, that *Chambers* applies retroactively rendering Petitioner's Section 2255 motion timely, he is not entitled to relief. Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Petitioner challenges the trial court's application of the Sentencing Guidelines, a non-constitutional issue that provides no basis for collateral relief. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).

Even assuming, *arguendo*, that ground one were cognizable, Petitioner's appeal waiver bars its review. Petitioner's written plea agreement includes an express waiver of his right to appeal or collaterally attack his sentence:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a

5

>sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(CR Dkt. 44, p. 13).

An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). An appeal waiver will be enforced if the Government demonstrates either: (1) that the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). A knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *Williams v. United States*, 396 F.3d at 1342. The waiver is enforceable against a claim of ineffective assistance of counsel at sentencing because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.

During the plea colloquy Petitioner specifically averred that he understood the consequences of the appeal waiver:

> Court: Page 13 of Mr. Ramirez'[s] [plea] agreement . . . there is another provision that I need to go over with you, which is called Appeal of Sentence Waiver.
>
> In this part of your plea agreement, you say that you understand you are going to receive a guideline sentence; and it further states that as part of your agreement with the Government, you give up your right to appeal your sentence on any issue, except for three things; an upward departure from the guidelines; a sentence which violates the law apart from the sentencing guidelines; and a sentence which exceeds the statutory maximum penalties for the offense.
>
> Now, what this means is that you cannot appeal any sentencing guidelines issue if you think the court has made a mistake unless that issue relates to an upward departure from the guidelines.
>
> Do you understand that?
>
> . . .
>
> Defendant: Yes, ma'am.
>
> Court: Have you had a chance to talk with your attorney about this specific provision?
>
> . . .
>
> Defendant: Yes, ma'am.
>
> Court: Do you have any questions?
>
> . . .
>
> Defendant: No, ma'am.
>
> . . .
>
> Court: Mr. Ramirez, do you make the waiver of appeal knowingly?

| | |
|---|---|
| Defendant: | Yes, ma'am. |
| Court: | And do you make it voluntarily? |
| Defendant: | Yes, ma'am. |
| Court: | Do . . . you have an questions at all about anything in this written plea agreement? |
| . . . | |
| Defendant: | No, ma'am. |

(CR Dkt. 149, pp. 16-17).

Upon completion of the full colloquy, the magistrate judge found that Petitioner freely and voluntarily entered his plea. (CR Dkt. 149, pp. 31-32). Petitioner neither challenges the validity of his plea agreement or the waiver, nor argues that any of the exceptions specified in the waiver apply to permit collateral review of his claim. Consequently, ground one is barred from federal review in this Section 2255 motion.

### III.   Actual innocence

To the extent that Petitioner's motion can be read to assert the argument that he is actually innocent of the career offender enhancement, he cannot obtain relief. Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). However, "actual innocence" does not apply to a career offender designation because that designation is not a separate substantive offense for which Petitioner stands convicted. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of

the enhancement.") ("*Gilbert II*"). *See also Bido v. United States*, 2011 WL 2899606 at *2 (11th Cir. July 20, 2011) (applying *Gilbert II and* rejecting the petitioner's claim that he is actually innocent of the career offender enhancement). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Motion to Dismiss (CV Dkt. 15) is GRANTED and Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 8th day of August, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record